IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| MICHAEL ALAN GREYSON § | |
| § | |
| V. § | CIVIL ACTION NO. G-15-339 |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of the § | |
| Social Security Administration § | |

## **OPINION AND ORDER**

After careful consideration the Court now issues this Opinion and Order addressing the cross Motions for Summary Judgment of Plaintiff, Michael Alan Greyson, and Defendant, Carolyn W. Colvin, the Acting Commissioner of the Social Security Administration.

The Court sees no need to recite at any length the standard of review in a case of this nature.

At his request, Plaintiff was afforded a hearing before an Administration Law Judge (ALJ). The hearing was held on June 4, 2015. Plaintiff was not represented by counsel at the hearing. Following the hearing the ALJ issued her opinion which held that pursuant to the five-step sequential evaluation process Plaintiff was not disabled. She determined at step four of the process that Plaintiff could perform his past relevant work as a hospital admissions clerk which is a light sedentary job. The appeals counsel denied review on

October 16, 2015. As a result, the ALJ's decision was affirmed as the Commissioner's final decision. This lawsuit followed.

The issue before the Court is whether substantial evidence supports the Commissioner's decision to deny Plaintiff's application for disability benefits because it was determined that he could perform his past relevant work and was, therefore, not disabled under the Social Security Act.

While not the sole basis for her decision, the ALJ gave significant weight to Plaintiff's self-reported activities of daily living in a Function Report dated April 11, 2014. Specifically she found that:

> (i)n activities of daily living, the claimant has mild restriction. In his function report, the claimant reported that he lives with his family. He does normal parenting duties, feeds and walks his pet, plays sports and coaches a child.[1] He prepares simple meals, does laundry, goes outside three to four times daily, walks, drives a car, uses public transportation, goes shopping in stores, uses a computer and reads. He watches sports on television and visits with friends and family. He can lift 25 pounds, walk 75 yards and climb two flights of stairs. He can follow instructions most of the time (Exhibit 1E). Mr. Greyson is totally independent in all activities of daily living and able to care for himself and his pets.
> . . .
> Mr. Greyson has no more than moderate deficiencies of concentration, persistence or pace. He is able to follow instructions and complete tasks once begun *as evidenced by his activities of daily living*.
> . . .
> The *claimant's activities of daily living* are not consistent with the alleged severity of symptoms.

---

[1] In fact, playing sports and coaching a child were activities he stated he could no longer do.

The ALJ ultimately determined that Plaintiff's "longitudinal medical records as well as the *claimant's activities of daily living*" support a finding that he has the residual functional capacity to perform his past relevant work. (emphasis added)

The problem with the ALJ's decision is that it is based so heavily upon Plaintiff's self-reported daily activities as of April 11, 2014. A comparison of the Function Report he submitted that day to the ALJ's above referenced findings make it clear that she based her findings almost exclusively on information in that report.

Plaintiff, however, submitted a subsequent Function Report on June 24, 2014, which indicates a substantial worsening of his symptoms; contradicts, almost completely, the ALJ's findings; and is much more consistent with his testimony at the hearing. For example, Plaintiff no longer performed parental duties, took care of the family dog or did any laundry. His going outside had been reduced to "5 times a week depending on appointments and level of pain in knees, back, foot." His legs become numb after "sitting or standing more than five minutes." He described a number of problems he experiences while getting dressed, bathing, shaving, using the toilet, and exercising beyond "light stretching." While he reported he could do "a little sweeping" inside the house, it took him "up to 20 minutes" to sweep a "10x5 foot area" and "someone else picks up the dirt with a dustpan." He is no longer able to do any yard work. He is no longer socializing with anyone but immediate family members. He cannot lift over 15 pounds. He experiences pain with standing or walking more than 10 yards. He cannot squat, bend or kneel. He has difficulty reaching with his left hand. He can only climb 5 stairs before

3

tiring, and "on a good day" he can only walk 50 feet before having to rest for 2 to 3 minutes." He has trouble concentrating on tasks, reading and conversations. He often fails to complete tasks. He needs to study written instructions several times and must have oral instructions repeated. He no longer writes checks because he makes a lot of errors in reconciling his check book. On bad days he "may inappropriately interact with any authority figure." And he is "irritable and somewhat unfriendly most of the time."

In her Opinion, the ALJ made no reference to Plaintiff's most recent Function Report. Consequently, she gave no specific, cogent reasons why she may have discredited the information Plaintiff supplied in that Report. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995) (The ALJ must identify what evidence undermines the claimant's complaints.) In fact, it appears that, in all likelihood, the ALJ simply failed to even see or review the report. Regardless, the information in the superceding June 24, 2014, Function Report is significant evidence in the record that detracts from the ALJ's factual determinations and conclusions. In the opinion of this Court the ALJ erred in characterizing Plaintiff's daily living activities as documented by the record to reach the conclusion that Plaintiff was not credible. Nor does the record support the ALJ's finding that Plaintiff was able to perform the activities she cited to indicate Plaintiff could still perform his "past relevant work." Cf. Reddick v. Chater, 157 F.3d 715, 721-22 (9th Cir. 1998). As a result, the Court finds that the Commissioner's decision is not supported by substantial evidence and must be set aside. See, Leggett v. Chater, 67 F.3d 558, 566 (5th

Cir. 1995) (ALJ has the duty to fully develop the facts or else the decision is not supported by substantial evidence.)

It is, therefore, **ORDERED** that the Motion for Summary Judgment of Defendant, Carolyn W. Colvin (Instrument no. 9), is **DENIED**.

It is further **ORDERED** that the Motion for Summary Judgment (Instrument no. 8) of Plaintiff, Michael Alan Greyson, is **DENIED** as to his request for an award of benefits and **GRANTED** as to his request for remand.

**DONE** at Galveston, Texas, this <u>    18th    </u> day of April, 2017.

_____
John R. Froeschner
United States Magistrate Judge